416 S.E.2d 270

**STATE of West Virginia ex rel. Frankie Allan PHILLIPS, Sr. Petitioner,**

**v.**

**Shirley BOGGESS, Court Reporter for the Circuit Court of Nicholas County, Respondent.**

No. 20914.

Supreme Court of Appeals of West Virginia.

Submitted March 3, 1992.

Decided April 3, 1992.

Frank W. Helvey, Jr., Appellate Public Defender, West Virginia Public Defender Services, Charleston, for petitioner.

Gregory A. Tucker, Pros. Atty. of Nicholas County, Summersville, for respondent.

McHUGH, Chief Justice:

In this original proceeding in mandamus, the petitioner, Frankie Allan Phillips, Sr., seeks to compel the respondent, Shirley Boggess, court reporter for the Circuit Court of Nicholas County, to produce a transcript of his trial held in the Circuit Court of Nicholas County. This matter comes on for a decision upon petitioner's petition for a writ of mandamus, the response of the respondent, petitioner's reply to the response, and all other matters of record.

On April 30, 1991, petitioner was convicted of second degree murder and malicious wounding with a firearm by a jury verdict in the Circuit Court of Nicholas County. Shortly thereafter, the State filed a recidivist information with the trial court. The information noted that the petitioner had been convicted of felonies on three prior occasions, and sought a sentence of life imprisonment of petitioner pursuant to *W.Va. Code*, 61–11–18 [1943]. The trial court appointed separate attorneys to represent petitioner in the prosecution of his appeal and to defend against the recidivist information. Neither counsel represented petitioner at trial. The petitioner, pro se,

his trial counsel, and appellate counsel all requested that a transcript of the April, 1991 trial be produced. Petitioner is indigent.

On August 27, 1991, after the trial transcript had been requested on three separate occasions, petitioner entered into a plea agreement with the State. The plea agreement consisted of the State's agreement to forego recidivist proceedings against the petitioner in return for petitioner's agreement to forego his appeal rights to the underlying felony trial. Petitioner also agreed to testify against several co-defendants and give a statement to police officers. The State agreed not to oppose petitioner's motion for his sentencing to run concurrent with convictions for which he was already incarcerated, and with any federal sentence he may receive for past firearms crimes. Petitioner was represented by appointed counsel for the recidivist proceedings in the plea negotiations and agreement. Petitioner's appellate counsel did not participate.

Subsequent to the plea agreement, petitioner's appellate counsel again sought a copy of the transcript from the respondent. In response, the assistant prosecutor for Nicholas County advised appellate counsel that a request for the transcript was tantamount to revocation of the plea agreement, and if the transcript was requested, he would seek to have petitioner returned to Nicholas County as expeditiously as possible to stand trial on the recidivist charge.

A status conference was held before the Circuit Court of Nicholas County on October 7, 1991. The trial court agreed with the State and stated that the plea agreement must be set aside and an appeal sought before petitioner was entitled to the transcript. Petitioner had argued that the decision to enter into a plea agreement is not irrevocable, and that the transcript must be made available so that appellate counsel may assess his ability to successfully prosecute an appeal regardless of the plea agreement. Furthermore, petitioner argued that the plea agreement would be revoked only upon the filing of an appeal, not upon a request for the transcript.

In *Blackburn v. State*, 170 W.Va. 96, 290 S.E.2d 22 (1982), we held in syllabus point 2:

> Where a defendant enters a plea bargain arrangement whereby he agrees not to appeal a conviction on a previous charge to which he has never admitted guilt, but has been convicted by jury verdict, the defendant should not be deemed to have irrevocably waived his right to appeal. However, if the defendant chooses to disregard the agreement and file a timely appeal, the State should not be held to the bargain and, at its option, may seek resentencing on all other convictions involved in the agreement or reinstitute any charges dismissed pursuant to the plea bargain and proceed to trial thereon.

Appellant did enter into a plea bargain agreement and agreed not to appeal his conviction on a previous charge. In the underlying felony trial, petitioner did not admit guilt. He was convicted by a jury verdict. Therefore, under *Blackburn v. State, supra*, the State may renege on the plea agreement, "if the defendant chooses to disregard the agreement and file a timely appeal."

In this case it is clear that petitioner is entitled to a transcript of his trial. By virtue of *Blackburn, supra*, the petitioner cannot be said to have irrevocably waived his appeal rights despite his agreement not to appeal. Respondent and the State do not contest petitioner's right to appeal, nor do they contest his right to a transcript of the trial. The real issue is whether the State may rescind the plea arrangement and file the recidivist charge against petitioner upon his request for the transcript, or whether the State may rescind the plea arrangement and file the recidivist charge only if the petitioner chooses to file a timely appeal.

As petitioner notes, permitting the State to rescind the plea arrangement upon the mere request for a transcript by petitioner would effectively allow the unequal treatment of indigent defendants as opposed to a defendant who could afford the

cost of transcript production. Were petitioner not indigent, he would have access to his trial transcript and the plea arrangement would be unaffected. However, because he is indigent, petitioner is being denied access to his transcript under the threat of rescission of the plea arrangement. Syllabus point 1 of *Robertson v. Goldman*, 179 W.Va. 453, 369 S.E.2d 888 (1988) states: "The right to the equal protection of the laws guaranteed by our federal and state constitutions blocks unequal treatment of criminal defendants based on indigency." This is clearly a case of unequal treatment of a criminal defendant based on indigency.

A criminal defendant cannot irrevocably waive his appeal rights to a conviction of a crime to which he has never admitted guilt. Such a defendant may exercise his right to appeal before the expiration of the appeal period, regardless of any plea arrangement by which he agrees to forego his right to appeal. Under such an arrangement, the State may renege on its part of the plea arrangement if and only if the defendant actually files an appeal. A request for a transcript by a criminal defendant is not tantamount to an appeal.

Therefore, an indigent defendant is entitled to a transcript of his trial without endangering a prior plea agreement wherein he agrees not to seek an appeal in exchange for the agreement of the State to forego initiation of a recidivist proceeding. If the defendant subsequently files a timely appeal, the State should not be held to the plea agreement. A contrary ruling would permit the unequal treatment of criminal defendants based on indigency.

A writ of mandamus shall issue directing the court reporter for the Circuit Court of Nicholas County to produce a transcript of proceeding No. 90–F–45 for the petitioner within thirty days of this opinion. If, in the course of events, the petitioner chooses to file a timely appeal, the State will not be held to the plea agreement and may exercise its option to reinstate the recidivist charge.

Writ granted.